### SALE *et al.* v. THE BRANCH BANK AT DECATUR.

1. If any person who borrowed money of the State Bank, or either of its branches, under the provisions of the act " to extend the time of indebtedness of the Bank of the State of Alabama, and its branches, and legalizing the suspension of specie payment of the same, and for other purposes," fails to pay any instalment as it falls due, so much of the sum borrowed as remains unpaid becomes due *instanter*, and the President of the proper bank should proceed to collect the same.

2. In a summary proceeding by the bank against one of its debtors, it is not necessary to allege in the notice that the debt was due and unpaid; if the evidence of indebtedness set out *in hæc verba* in the notice, shews the debt to be past due, it is sufficient.'

3. The certificate of the President of the Bank, as to the property in the evidence of debt sued on, must identify it with reasonable certainty, and by some other description than its amount.

4. *Quere.* Whether an accommodation note, payable to the President, &c. of a bank, and discounted by them, can be protested for non-payment, so as to authorize a charge against the maker and his sureties for *notarial fees.* At any rate, a protest is unnecessary.

54

THIS was a summary proceeding, by notice, in the County
Court of Morgan, to recover the amount of a promissory note,
made by the plaintiffs in error, on the 30th of September, 1837,
for the payment of two thousand dollars, to the defendant in
error, in three equal annual instalments, being for money lent by
the defendant, under the provisions of the twenty-first section of
an act passed by the Legislature in June, 1837, entitled " an act
to extend the time of indebtedness of the Bank of the State of Ala-
bama and its branches, and legalizing the suspension of specie pay-
ment of the same, and for other purposes." A judgment was
recovered in favor of the defendant, for the sum of two thou-
sand dollars, and the further sum of fifty-eight and seventy-
two hundredths dollars damages by way of interest; also two
dollars cost of protest, besides the cost of this motion.

The notice sent up in the transcript, is dated the 31st of
October, 1838, returnable at the term of the County Court,
next thereafter, viz: on the third Monday in February 1839. In
the record there is no certificate of the President of the Branch
Bank of Decatur, but it is recited in the judgment thus: " and
said attorney producing the certificate of James T. Sykes, Pre-
sident of said Branch Bank, setting forth that said defendants
upon whom the notice in this case has been served, are justly
indebted to said Branch Bank in the sum of two thousand dollars,
which is now due and remains unpaid; and that said debt is really
and *bona fide* the property of said Bank, moved the court for
judgment, &c."

There is no express allegation in the notice that the note sought
to be recovered was due and unpaid, but it is set forth literally
both in the notice and judgment.

To revise the judgment of the County Court, the defendants
below have sued out a writ of error to this court, and now assign
for error:

1. There is no averment that the debt described in the notice
was due at the time of issuing the same, or that the same had
not been paid.

2. There is no evidence that the debt described in the notice
was really and *bona fide* the property of the Branch Bank.

3. The judgment is for an amouut larger than seems to be due on the note.

McClung for the plaintiff.

No counsel appeared for defendant.

COLLIER, C. J.—The twenty-first section of the act re-cited in the note, expressly authorizes the State Bank and its Branches, to lend money on the terms stated, viz: on notes with at least two sureties, payable in one, two, and three years, with interest at seven per cent. *per annum.* And the twenty-sixth section of the same statute enacts, "if any person who shall borrow any sum or sums under this act, shall fail to make payment of any instalment thereon, when it shall become due, the whole of the sum or sums so borrowed, or the entire balance remaining unpaid, shall become due, and the President of the proper Bank, shall at once proceed to collect the same."

It is true that the notice does not allege that the note was due and unpaid at the time of the issuance of the same, but it sets out the note *in hæc verba,* from which it will appear that the first instalment was then past due. No allegation for non-payment was necessary; the law under which summary proceedings of this character are had, does not contemplate it; if the debt has been paid, it is incumbent on the defendant to show it. The first instalment, then, being due and unpaid, the defendant in error was entitled to recover the entire sum borrowed.

2. The only evidence furnished by the record that the certificate of the President of the Branch Bank was produced at the trial, is the recital in the judgment. There we are informed that the President certified that the plaintiffs in error, were indebted to the bank in two thousand dollars, and that the debt was really and *bona fide* the property of the bank; but how the debt was created, whether by bill, note, or otherwise, is not stated. In Roberts *et al.* v. The State Bank, 9 Porter's Rep. 318, this court held that the certificate must identify, with reasonable certainty, the debt sought to be recovered; that a mere reference to it, by its amount, and which would quite as well apply to any

other debt of the same amount, was too loose and indeterminate, to give to the court jurisdiction of the case in a summary proceeding. The certificate in the case at bar, is obnoxious to the objections stated, and consequently will not sustain the judgment of the County Court.

3. In respect to the last objection to the judgment, if it was rendered for too large a sum, it could not for that cause be reversed, but would be amendable under our statutes, authorizing amendments, as a clerical mistake at the costs of the plaintiffs in error. This assignment does not present the question, whether a paper, such as that on which this proceeding is founded, is protestable, so as to charge the principal with the fees of protest. However the law may be on the point, we do not hesitate to say, that the protest is wholly unnecessary, and the notarial fee a burthen imposed upon the debtor, without a corresponding benefit to the Bank.

For the error arising from the insufficient certificate, the judgment is reversed, and the case remanded.